ACCEPTED
01-15-00251-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/3/2015 3:29:06 PM
CHRISTOPHER PRINE
CLERK

# No. 01-15-00251-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
8/3/2015 3:29:06 PM
CHRISTOPHER A. PRINE
Clerk

_____

## IN THE COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS AT HOUSTON

_____

## In re Texas State Silica Products Liability Litigation

_____

Appeal from the 333rd Judicial District Court
of Harris County, Texas No. 2004-70000

_____

## APPELLEES' MOTION TO STRIKE APPELLANT'S BRIEF

_____

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Appellees[1] ask that the brief filed by Appellants be stricken pursuant to Tex. R. App. P. 38.9. Appellants have appealed from an order of the Texas Silica MDL Court dated August 19, 2014 that (1) dismissed Appellants' constitutional challenge to certain sections of Chapter 90 of the Texas Civil Practice and Remedies Code because the challenge was not ripe and Appellants lacked

---

[1] The list of Appellees joining in this Motion is contained in the Motion to Dismiss Appeal or, Alternatively, Motion to Strike Appellants' Brief filed on July 16, 2015.

1

standing to assert the challenge and (2) denied permanent injunctive relief because of the dismissal of the challenge. CR 1639.

Because Appellants have attempted to take an interlocutory appeal not allowed by law, Appellees filed a Motion to Dismiss Appeal on July 16, 2015. Appellees included in that Motion a request to strike Appellees' Brief if the Court does not dismiss the appeal. Based upon the Court's electronic records, it appeals that the request for striking Appellants' Brief was not docketed. Therefore, Appellees are filing this request as a separate motion to make sure it is presented to the Court for consideration.

**APPELLANTS' BRIEF DOES NOT ADDRESS ANY APPEALABLE ISSUE**

Even if the Court otherwise had jurisdiction over an appeal of the Dismissal Order, the appeal would still have to be dismissed because none of the issues set forth in Appellants' Brief present an issue within the Court's jurisdiction. Almost all of Appellants' Brief addresses the merits of Appellants' Constitutional Challenge to selected provisions of Chapter 90. The MDL Court did not consider the merits of that challenge. In fact, the MDL Court could not have ruled on the merits of the Constitutional Challenge because, once the MDL Court concluded that Appellants lack standing and the Constitutional Challenge is not ripe, the MDL Court lacked subject matter jurisdiction to consider the merits of the claim. *See DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 303–04 (Tex. 2008); *Austin*

*Nursing Center, Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005); *Texas Ass'n of Business v. Texas Air Control Board,* 8562 S.W.3d 440, 443–44 (Tex. 1993).[2]

That means that if Appellants could find some way to overcome the jurisdictional impediment to this appeal, the only issue that could be before the Court is the propriety of the MDL Court's decision to dismiss the Constitutional Challenge because of the absence of standing and ripeness. While Appellants' Brief does not contain a Prayer setting forth the nature of the relief sought by Appellants (which violates TEX. R. APP. P. 38.1(j)), the list of Issues Presented on p. xlvii of Appellants' Brief does not include any issue relating to the dismissal of the Constitutional Challenge on standing and ripeness grounds. Therefore, the only ruling made by the MDL Court is not being challenged by Appellants. On the other hand, the only issues urged by Appellants are issues that were not ruled upon by the MDL Court and therefore cannot be the subject of any appeal, interlocutory or otherwise. *See* TEX. R. APP. P. 33.1(a) (providing that, to preserve complaint for appellate review, record must show issue was timely presented to trial court and trial court either ruled on issue expressly or implicitly or refused to rule on issue); *Waite v. Waite*, 64 S.W.3d 217, 224 (Tex. App.—Houston [14th Dist.] 2001, pet.

---

[2] Because the MDL Court lacked subject matter jurisdiction over the Constitutional Challenge made by Appellants, the court should have dismissed the Constitutional Challenge and taken no further action. *Inman*, 252 S.W.3d at 304 ("Without jurisdiction, the trial court should not render judgment . . .; it should simply dismiss the case"); *Martinez v. Second Injury Fund of Tex.*, 789 S.W.2d 267, 277 (Tex.1990) (Hecht, J., dissenting) ("Rendition of judgment on the merits is inappropriate in an action over which the trial court lacks jurisdiction").

denied) ("[A]n appeal of a temporary injunction is not a vehicle which imbues the court with jurisdiction to address interlocutory matters outside the scope of section 51.014 of the Texas Civil Practice and Remedies Code.").

The record in this case establishes beyond doubt that the MDL Court did not rule on the issues set forth in Appellants' Brief and could not have ruled on the merits of those issues because the MDL Court concluded that it lacked subject matter jurisdiction over the issues.

Because Appellants' Brief does not raise any issues that were ruled upon by the MDL Court, the appeal should be dismissed.

## APPELLANTS' BRIEF SHOULD BE STRICKEN

Even if subject matter jurisdiction exists in this Court, Appellants' Brief shows such a blatant disregard for the rules that the Brief should be stricken. Appellants' Brief is deficient in numerous respects:

1. It contains no discussion of how the Court could have jurisdiction over this interlocutory appeal;

2. The only issues contained in the Brief are issues that were not considered or ruled upon by the trial court;

3. The Brief does not seek relief from the Dismissal Order or explain why the entry of the Dismissal Order constitutes reversible error; and

4

4. The Brief fails to comply with TEX. R. APP. P. 38.1(g) (the statement of facts is argumentative and has many assertions unsupported by citation), 38.1(h) (no summary of the argument in the Brief), 38.1(j) (no prayer for relief in the Brief), and 38.1(k) (no appendix filed with the Brief).

TEX. R. CIV. P. 38.9 allows the Court to take corrective measures for both formal defects and substantive defects in a brief. Even if Appellants could overcome the lack of jurisdiction in this Court, there is still a gross disparity between what might have been presented in this appeal and what has been presented in Appellants' Brief. Rule 38.9(b) allows the Court to require additional briefing and to "make any other order necessary for a satisfactory submission of the case." Appellees should not be required to respond to a brief that violates so many of the procedural and substantive rules governing appeals – especially when the only issues raised by Appellants on appeal are constitutional arguments that were never addressed by the MDL Court and are not properly before this Court.

If this appeal is not dismissed for lack of jurisdiction, Appellees ask that Appellants' Brief be stricken and that Appellants be required to redraw their Brief in accordance with TEX. R. APP. P. 38 in a manner that does not present issues relating to the merits of the Constitutional Challenge. Appellees also ask that the time for the filing of Appellees' Brief be set for thirty days after the Appellants file

a redrawn brief or thirty days after the Court denies Appellants' request to strike Appellants' Brief.

## RELIEF REQUESTED

Appellees request that Appellants' Brief be stricken.

Respectfully submitted,

*/s/ Kevin F. Risley*_____
Kevin F. Risley
State Bar No. 16941200
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: 713.403.8295
Facsimile: 713.403.8299
Email: krisley@thompsoncoe.com

**COUNSEL FOR APPELLEE**
**3M COMPANY**
**ON BEHALF OF ALL**
**APPELLEES**

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2015, a true and correct copy of the foregoing document was served pursuant to electronic service

Mike Martin
Maloney Martin, L.L.P.
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Attorneys for Appellants


*/s/ Kevin F. Risley*_____
Kevin F. Risley


## CERTIFICATE OF CONFERENCE

In accordance with TEX. R. APP. P. 10.1(a)(5), I hereby certify that I conferred with Mr. Mike Martin, counsel for certain Appellants, about the merits of the requested relief in this motion. Appellants oppose the request That Appellants' Brief be stricken.

*/s/ Kevin Risley*___
Kevin Risley.